IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 8:09CR7 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | MEMORANDUM |
| | ) | AND ORDER |
| ALLEN B. DOUGLAS, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the Court on the Report and Recommendation (Filing No. 28) issued by Magistrate Judge Thomas D. Thalken recommending that the motion to dismiss (Filing No. 21) filed by the Defendant, Allen B. Douglas, be denied. Douglas filed a statement of objections to the Report and Recommendation and a supporting brief (Filing Nos. 26, 27) as allowed by 28 U.S.C. § 636(b)(1)(C) and NECrimR 57.3(a).

Douglas is charged in a one-count Indictment with failing to register as a sex offender in Nebraska as required by the Sex Offender Registration and Notification Act ("SORNA"), in violation of 18 U.S.C. § 2250(a). (Filing No. 1.) Douglas seeks dismissal of the Indictment, arguing the following in his motion: 1) Congress lacked authority under the Commerce Clause to enact SORNA; 2) Congress improperly delegated its legislative authority to the Attorney General to prescribe rules for implementing SORNA; 3) the Attorney General's determination of the scope of SORNA's retrospective reach violated the Administrative Procedure Act ("APA"), 5 U.S.C. § 553; 4) § 2250 violates the Ex Post Facto clause of the United States Constitution; 5) the Indictment violates his due process rights; and 6) SORNA impermissibly encroaches upon state power under the Tenth Amendment.

Following an evidentiary hearing, Judge Thalken issued oral findings of fact and conclusions of law (Filing No. 31, at 6-11) and a brief Report and Recommendation (Filing No. 28.)  Judge Thalken concluded: Douglas's Commerce Clause challenge is without merit; Douglas lacks standing to raise the question of the delegation of authority to the Attorney General; Douglas lacks standing to challenge the Attorney General's implementation of the interim rule; Douglas's prosecution was not retrospective and did not violate the Ex Post Facto Clause; Douglas's due process rights were not violated; and SORNA does not violate the Tenth Amendment.  Judge Thalken therefore recommends that the motion to dismiss be denied.

## STANDARD OF REVIEW

Under 28 U.S.C. § 636(b)(1)(C) and NECrimR 57.3(a), the Court must make a de novo determination of those portions of the report, findings, and recommendations to which the Defendant has objected.  The Court may accept, reject, or modify, in whole or in part, the Magistrate Judge's findings or recommendations.  The Court may also receive further evidence or remand the matter to the Magistrate Judge with instructions.

## STATEMENT OF FACTS

Judge Thalken provided a summary of the essential facts, based on the parties' stipulation.  (Filing No.31, at 6-7.)  The Court also carefully viewed the evidence.  (Filing No. 26.)  Douglas does not object to Judge Thalken's statement of the facts, and the Court adopts Judge Thalken's factual findings.

## FACTUAL BACKGROUND

The Indictment alleges:

2

> From on or before June 2008 and continuing until at least January 6, 2009, in the District of Nebraska, ALLEN D. DOUGLAS, having previously been convicted in the State of California of an offense requiring him to register as a sex offender, to-wit: Lewd and Lascivious Acts with a Child Under the Age of Fourteen, traveled in interstate commerce to Nebraska, and knowingly failed to register as a sex offender in the State of Nebraska, where he resided and worked, as required by the Sex Offender Registration and Notification Act.
>
> In violation of 18 United States Code, Section 2250(a).

(Filing No. 1.)

The parties agreed on a statement of facts as summarized at the hearing by Judge Thalken.

The pertinent facts are that Douglas was convicted in California of the offense recited in the federal Indictment. Due to this conviction, Douglas was required to register as a sex offender as noted in his 2005 notification signed by him, and he was prosecuted in California in 2006 for failing to do so. The California court released him and placed him on three years supervision. In June 2008, Douglas moved to Nebraska. He did not register in Nebraska and was arrested on January 6, 2009, by the U.S. Marshal's Service. Douglas has a warrant in California for absconding.

**ANALYSIS**

Douglas objects to the Report and Recommendation, arguing that SORNA violates: 1) the Commerce Clause; 2) the nondelegation doctrine; 3) the Administrative Procedure Act, 5 U.S.C. § 553; 4) the Ex Post Facto Clause; 5) his due process rights; and 6) the Tenth Amendment. (Filing No. 27.) Douglas filed a supporting brief. (Filing No. 33.) It should be noted that defense counsel acknowledges the following Eighth Circuit decisions and filed the motion to preserve the issues raised for appeal: *United States v. May,* 535

F.3d 912 (8th Cir. 2008), *cert. denied,* 129 S. Ct. 2431 (2009); *United States v. Howell,* 552 F.3d 709 (8th Cir.), *cert. denied,* 129 S. Ct. 2812 (2009); and *United States v. Hacker,* 565 F.3d 522 (8th Cir. 2009). The arguments are briefly discussed below.

*Commerce Clause*

The Eighth Circuit has determined that SORNA does not violate the Commerce Clause. *Hacker,* 565 F.3d at 525; *Howell,* 552 F.3d at 713; *May,* 535 F.3d at 922. The objection is noted and denied.

*Nondelegation Doctrine*

As Judge Thalken concluded, Douglas lacks standing to raise a challenge to the Attorney General's authority delegated by Congress to apply SORNA to persons convicted before July 27, 2006. Douglas was able to register before SORNA's enactment. Hacker, *565 F.3d at 527-28;* May, *535 F.3d at 921.* The objection is noted and denied.

*APA*

As Judge Thalken concluded, Douglas lacks standing to challenge the interim rule. *United States v. Hacker,* 565 F.3d at 528.

*Ex Post Facto Clause*

As Judge Thalken concluded, Douglas's Indictment is not retrospective and does not violate the Ex Post Facto Clause as applied to Douglas. *May,* 535 F.3d at 920. The objection is denied.

*Due Process Clause*

Douglas argues that the notice and fair warning requirements of the Due Process Clause are violated in his case because the evidence does not show that he knew about SORNA's passage. Douglas relies in part on *United States v. Aldrich,* 2008 WL 42783, at

4

5 (D. Neb. Feb. 14, 2008) (C.J. Joseph F. Bataillon) which in turn relies in part on *United States v. Ficke,* 58 F. Supp. 2d 1071 (D. Neb. 1999). *Ficke,* which involved a prosecution for possessing a firearm after the defendant had been convicted of a state misdemeanor domestic assault, is distinguishable. In deciding *Ficke* under facts particular to that case, Judge Bataillon reasoned:

> The defendant here would have no way of knowing that mere possession of hunting firearms had become felonious conduct two years after his misdemeanor conviction unless he spent considerable time in law libraries keeping track of amendments to federal firearms statutes, a highly unlikely scenario considering the defendant's educational background, or he otherwise received notice of the section's enactment and its application to his situation.

*Id.* at 1074-75.

In contrast to *Ficke,* Douglas had reason to know that registration as a sex offender in Nebraska even prior to SORNA's enactment was required in light of Kentucky's requirement that he register in any state. *May,* 535 F.3d at 921. The objection is denied.

*Tenth Amendment*

Douglas argues that SORNA violates the Tenth Amendment. However, Douglas presents no direct authority to support his argument. As Judge Thalken stated, under *Hacker* Douglas lacks standing to assert a Tenth Amendment claim as a private party devoid of state involvement. The objection is denied. *Hacker,* 565 F.3d at 526.

## CONCLUSION

For the reasons discussed, the Defendant's objections are overruled and the Report and Recommendation is adopted.

5

IT IS ORDERED:

1. The Magistrate Judge's Report and Recommendation (Filing No. 28) is adopted in its entirety;

2. The Defendant's Objections to the Report and Recommendation (Filing No. 32) are denied; and

3. The Defendant's motion to dismiss (Filing No. 21) is denied.

DATED this 31st day of August, 2009.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge